UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA WATSON on behalf of her minor son, R.W.,<br><br>          Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. EDCV 13-1091-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 11, 16.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 9 at 3.)

# I.
# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

(1) Whether the Administrative Law Judge ("ALJ") abused her discretion in issuing an unfavorable decision without hearing testimony from Plaintiff and his mother;

(2) Whether the ALJ erred by finding Plaintiff did not meet listing 113.03;

(3) Whether the ALJ erred by finding that Plaintiff had not shown functional equivalence; and

(4) Whether the ALJ improperly rejected the opinions of Plaintiff's treating physician.

(JS at 3.)[3]

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as

---

[3] For ease of discussion, the Court addresses the issues out of order.

supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## DISCUSSION

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of status post craniotomy for medulloblastoma resection, learning disorder, and mild speech issues.[4]  (Administrative Record ("AR") at 22.)  The ALJ found that Plaintiff did not meet or functionally equal a listed impairment, as he does not have marked limitations in two domains of functioning or extreme limitations in one domain of functioning.  (Id. at 22-30.)

**B.    The ALJ's Consideration of the Treating and Examining Sources.**

Plaintiff argues that the ALJ erred by failing to provide sufficient reasons for rejecting the opinions of Plaintiff's treating physician Jerry C. Cheng, M.D.  (JS at 25-26, 27.)  In a related issue, Plaintiff argues that the ALJ failed to properly consider the opinion of examining pediatric neuropsychologist Juliet Warner, Ph.D.  (Id. at 21-22, 27.)

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians).  See 20 C.F.R. §§ 404.1502, 404.1527, 416.902, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, the opinions of treating physicians are given greater weight than those of other

---

[4]  Plaintiff was born on April 3, 2003.  (AR at 22.)

3

physicians, because treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant.  Orn v. Astrue, 495 F.3d 625, 631 (9th Cir.2007); Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).  The ALJ may only give less weight to a treating physician's opinion that conflicts with the medical evidence if the ALJ provides explicit and legitimate reasons for discounting the opinion.  See Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632-33; SSR 96-2p.  Similarly, "the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." Lester, 81 F.3d at 830 (quoting Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir.1990)).  Even where an examining physician's opinion is contradicted by another doctor, the ALJ must still provide specific and legitimate reasons supported by substantial evidence to properly reject it.  Id. at 830-31 (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)).

      **1.**     **Dr. Cheng**

Dr. Cheng's notes certainly document Plaintiff's cancer diagnosis and treatment.  (AR at 195-200, 207-09, 582-84, 596-99, 607-08, 617-21, 628-30, 737-38, 743-45, 767-69, 770-72, 773-74.)  However, the only findings from Dr. Cheng material to Plaintiff's functional deficits during the period of alleged disability are his conclusions that Plaintiff has a "mild coordination problem" and a "shortened attention span."  (Id. at 738.)  These findings are consistent with the ALJ's conclusion that Plaintiff did not have marked limitations in two domains of functioning or extreme limitations in one domain of functioning.  (Id. at 22-30.)  Although the ALJ did not explicitly address Dr. Cheng's findings, because the ALJ did not reject these findings, she was not required to offer reasons for a rejection.

      **2.**     **Dr. Warner**

Dr. Warner conducted an extensive neuropsychological evaluation of Plaintiff over the course of four days. (Id. at 814-18.)  Dr. Warner's report following this evaluation provides invaluable insight into Plaintiff's complex web

of strengths and weaknesses related to his brain tumor, neurotoxic exposure, and congenital agenesis of the corpus callosum. (Id.) Of particular note, Dr. Warner found Plaintiff to have attentional dysregulation, working memory weaknesses, and social processing deficits, all of which require significant accommodations. (Id. at 816-18.) Despite the detail and informative value of Dr. Warner's report, the ALJ dismissed her findings because "she noted in the report the claimant's test results 'reflect age-appropriate development and, in some areas, remarkable improvement.'" (Id. at 24.) This quotation from Dr. Warner, taken out of context as it was, does not accurately reflect the findings contained in her exhaustive report. Indeed, the sentence quoted by the ALJ reads in its entirety, "Nevertheless, *despite these continued areas of difficulty*, the current results reflect age-appropriate developmental and, *in some areas*, remarkable improvement." (Id. at 816 (emphasis added).) She goes on to add that "in the absence of adequate remediation and accommodations in the classroom, these deficits are very likely to delimit both his academic and social development," and then sets forth numerous multi-faceted recommendations to address his deficits. (Id. at 816-18.) The ALJ's brief and misleading consideration of Dr. Warner's report did not satisfy her obligation to provide specific and legitimate reasons supported by substantial evidence to properly reject it.

    The ALJ's failure to provide specific and legitimate reasons for discounting Dr. Warner's opinions warrants remand. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) (in disregarding the findings of a treating physician, the ALJ must "provide detailed, reasoned and legitimate rationales" and must relate any "objective factors" he identifies to "the specific medical opinions and findings he rejects"); see, e.g., Nelson v. Barnhart, No. C 00-2986 MMC, 2003 WL 297738, at *4 (N.D. Cal. Feb. 4, 2003) ("Where an ALJ fails to 'give sufficiently specific reasons for rejecting the conclusion of [a physician],' it is proper to remand the matter for 'proper consideration of the physicians' evidence.'") (citation omitted).

Accordingly, remand is required for the ALJ to set forth legally sufficient reasons for rejecting the opinions of Dr. Warner, if the ALJ again determines rejection is warranted.[5]

## C. The ALJ's Failure to Continue the Hearing.

Plaintiff argues that the ALJ erred in failing to continue Plaintiff's hearing upon notice that he could not attend due to a scheduled MRI. (JS at 3-5, 8-9.)

On January 13, 2011, Plaintiff and his mother appeared for a hearing before an ALJ. (AR at 63.) After Plaintiff's mother informed the ALJ that she was unaware of the right to counsel, the ALJ continued the hearing to allow Plaintiff an opportunity to retain counsel. (Id. at 64.)

On February 22, 2011, Plaintiff and his mother again appeared before an ALJ. Plaintiff's mother explained that she was attempting to hire counsel but that she had been unable to do so because of a family emergency. (Id. at 57.) The ALJ continued the hearing once again. (Id. at 58-59.)

In June 2011 the ALJ notified Plaintiff that a hearing had been scheduled for August 17, 2011. (Id. at 94-106.) On August 1, 2011, Plaintiff's mother returned the Acknowledgment of Receipt of the ALJ's notice and requested that the hearing be rescheduled because Plaintiff was scheduled for an MRI of his brain on the same day as the hearing. (Id. at 35.) On August 10, 2011, an Agency employee called Plaintiff and left a voicemail attempting to confirm his attendance at the hearing. (Id. at 187.) There is no record of further contact between Plaintiff and the Agency regarding the August 17, 2011, hearing. On August 17, 2011, the ALJ conducted Plaintiff's hearing. The ALJ noted that neither Plaintiff nor his mother were present but that the hearing would proceed without them. (Id. at 51.)

The Code of Federal Regulations defines good cause for rescheduling a hearing. Good cause will be found if the claimant or the claimant's representative

---

[5] The Court expresses no view on the merits.

6

is "unable to attend or to travel to the scheduled hearing because of a serious physical or mental condition, incapacitating injury, or death in the family," or "[s]evere weather conditions make it impossible to travel to the hearing." 20 C.F.R. § 404.936(e). An ALJ may find good cause to postpone a hearing where "[a] witness who will testify to facts material to your case would be unavailable to attend the scheduled hearing and the evidence cannot be otherwise obtained." Id. § 404.963(f)(4). In deciding whether good cause has been shown under subsection f, the ALJ will consider "the effect on the processing of other scheduled hearings, delays which might occur in rescheduling [the] hearing, and whether any prior changes were granted." Id. § 404.963(f).

Here, it is not clear that the ALJ abused her discretion in conducting the hearing without the presence of Plaintiff or his mother, particularly since Plaintiff had been granted two previous continuances and his request to reschedule the hearing was somewhat delayed. Nevertheless, Plaintiff's need to undergo a follow-up MRI following his treatment for brain cancer seems to be a legitimate reason to request a continuance and it might have proven useful to hear from Plaintiff and his mother about the long term limitations caused by his cancer and the related treatment. This is particularly true because Plaintiff was not represented by counsel at the hearing.

Ultimately, the Court need not decide whether the ALJ erred in failing to continue Plaintiff's hearing. Because this action must be remanded for the ALJ to further consider the opinions of Dr. Warner, the ALJ shall conduct an additional hearing at which Plaintiff will have the opportunity to appear.

**D.     The ALJ's Consideration of Listing 113.13.**

Plaintiff argues that the ALJ erred when she concluded that Plaintiff does not meet Listing 113.13. (JS at 9-13, 19-20.)

If the ALJ concludes at step two of the sequential evaluation that the plaintiff's impairments are "severe" within the meaning of the Act, the ALJ

7

proceeds at step three of the sequential evaluation to compare the plaintiff's impairments to the impairments listed in the "Listing of Impairments" set forth in 20 C.F.R. pt. 404, subpt. P, app. 1. See id. § 416.925. If any "severe" impairment, or combination of "severe" impairments, meets or equals a listed impairment, the plaintiff is deemed disabled. Id.

The mere diagnosis of a listed impairment is insufficient, in itself, to support a finding of disability; rather, the claimant also must have the findings shown or symptoms detailed in the listing of that impairment. Id. §416.925(d); Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990); Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir. 1985). "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment . . . ." Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999) (citation omitted); Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).

Listing 113.13 describes the following medical condition: "*Brain tumors*. . . . Highly malignant tumors, such as medulloblastoma or other primitive neuroectodermal tumors (PNETs) with documented metastases, grades III and IV astrocytomas, glioblastoma multiforme, ependymoblastoma, diffuse intrinsic brain stem gliomas, or primary sarcomas." 20 C.F.R. pt. 404, subpt. P, app.1, § 113.13. In addition, Listing 113.13 references Listing 113.00(K)(4), which explains that the Agency "evaluate[s] any complications of malignant brain tumors, such as resultant neurological or psychological impairments, under the criteria for the affected body system." Id. § 113.00(K)(4).

There is no doubt that Plaintiff was diagnosed with a medulloblastoma, underwent a resection on April 18, 2007, and was further treated with chemotherapy and a stem cell transplant. (AR at 192-254, 294-99, 305-19, 323-39, 342-51, 388-400, 450-52, 454-59, 462-65, 472, 582-673 696-713, 737-45, 767-73.) An April 20, 2007, MRI suggested possible residual tumor following surgery. (Id.

at 297-98, 315, 317, 329, 336, 338, 348-50, 591, 592, 737.) However, later images have revealed no residual or recurrent tumors. (Id. at 388, 450, 452, 454, 456, 458, 463, 589, 605, 696, 698, 699, 701, 703, 705, 707, 710, 711, 769.) Significantly, on July 9, 2009, a pediatric oncology social worker described Plaintiff's condition as "in remission." (Id. at 769, 773.) Because Plaintiff no longer has a tumor, he most certainly cannot meet Listing 113.13 for brain tumors. To the extent Plaintiff suffers residual limitations caused by the aggressive treatment he underwent for his brain tumor, such limitations must be considered "under the criteria for the affected body system" and must not be considered under Listing 113.13. 20 C.F.R. pt. 404, subpt. P, app.1, § 113.00(K)(4).

**E.     The ALJ's Consideration of Medical Equivalence.**

Plaintiff argues that the ALJ did not properly ascertain whether Plaintiff's condition met "a listing pertinent to one of plaintiff's other diagnoses" or functionally equaled a listed impairment. (JS at 20-22, 24-25.)

Even if an impairment does not meet the requirements of, or is not medically equal to, a listed impairment, the claimant may be disabled if his impairment or combination of impairments is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a; Smith v. Massanari, 139 F. Supp. 2d 1128, 1135 (C.D. Cal. 2001). Functional equivalence is measured by assessing the claimant's ability to function in terms of the following six domains, which are "broad areas of functioning intended to capture all of what a child can or cannot do": (i) Acquiring and using information, (ii) attending and completing tasks, (iii) interacting and relating with others, (iv) moving about and manipulating objects, (v) caring for oneself, and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). An impairment or combination of impairments functionally equals a listing if it results "in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." Id. § 416.926a(b)(1). In evaluating a claimant's ability to function in each domain, the ALJ should answer the following questions about

1  whether the claimant's impairments affect his functioning, and whether the
2  claimant's "activities are typical of other children [of the same] age who do not
3  have impairments":  (1) What activities can the claimant perform?  (2) what
4  activities is the claimant unable to perform?  (3) which of the claimant's activities
5  are limited or restricted compared to other children the claimant's age who do not
6  have impairments?  (4) where does the claimant have difficulty with her activities –
7  at home, in child care, at school, or in the community?  (5) does the claimant have
8  difficulty independently initiating, sustaining, or completing activities?  and (6)
9  what kind of help does the claimant need to do her activities, how much held is
10 needed, and how often is the help needed?  Id. § 416.926a(b)(2).

As explained in Section III.B.2., supra, the ALJ did not thoroughly discuss Dr. Warner's findings and did not offer sufficient reasons for rejecting them. These findings are relevant to a determination of whether Plaintiff's limitations meet a listed impairment other than Listing 113.13, or whether his limitations functionally equal a listed impairment.  Accordingly, on remand, the ALJ should further consider whether Plaintiff's condition meets or functionally equals a listed impairment.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IV.**
**ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

DATED: February 13, 2014

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge